**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHEASTERN DIVISION**

STEVE BOUTON, et al.,                                  )
                                                       )
             Plaintiffs,                               )
                                                       )
      v.                                               )        Case No. 2:22-CV-00010-SPM
                                                       )
STATE OF MISSOURI, et al.,                             )
                                                       )
             Defendants.                               )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand. (Doc. 17). Defendants have filed responses in opposition to the motion. (Doc. 19, Doc. 20). The parties who have been served have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, the motion will be denied.

### I.     FACTUAL BACKGROUND

On January 6, 2022, Plaintiffs Steve Bouton and Kimberly Barton filed a Petition for Damages in the Circuit Court of Pike County, State of Missouri, alleging several claims under state and federal law against eight defendants: the State of Missouri, acting through the Missouri Department of Corrections; Anne Precythe; Alan Earls; Chantay Godert; Brittney Ford; Corizon, LLC; Cherilyn Desouza, M.D.; and Mary Summerville. (Doc. 1-2). On January 25, 2022, Defendant State of Missouri/Missouri Department of Corrections was served with the petition. Mot. to Remand, Ex. 1, Doc. 17-1. On January 31, 2022, Defendant Corizon was served with the petition. Notice of Removal, Exhibit B. On February 24, 2022, Assistant Attorney General Matthew Kimminau entered his appearance on behalf of Defendants Missouri Department of Corrections, Anne Precythe, and Chantay Godert. Mot. to Remand, Ex. 2, Doc. 17-2.

– 1 –

On February 25, 2022, three defendants (Corizon, LLC, Cherylyn DeSouza, and Mary Summerville; collectively, the "Removing Defendants") filed a Notice of Removal in this Court on the basis of federal question jurisdiction, stating that this Court has jurisdiction over this case because Plaintiffs alleged constitutional violations under the United States Constitution, pursuant to 42 U.S.C. § 1983. (Doc. 1). The Removing Defendants did not state whether any other defendants consented to the removal.

On April 14, 2022, Plaintiffs filed the instant Motion to Remand, arguing that because the Removing Defendants did not obtain the consent of the defendants who had been properly served or had waived service by having counsel enter on their behalf, the matter must be remanded. On March 25, 2022, Defendants Missouri Department of Corrections, Anne Precythe, Alan Earls, and Chantay Godert (collectively, the "MDOC Defendants") filed a response in opposition to Plaintiffs' Motion to Remand. (Doc. 19). In their response, the MDOC Defendants state that Defendant Earls was never served in the action but waived service on April 25, 2022; that the MDOC Defendants have consented to the jurisdiction of this Court; that if the motion to remand were granted, Defendant Earls would file a new notice of removal as permitted under 28 U.S.C. § 1446(b)(2)(C); and that because the Removing Defendants have already sought removal and the MDOC Defendants would also consent, the notice of removal would have the consent of all served defendants. The MDOC Defendants further argue that Plaintiffs' motion to remand is untimely. On April 26, 2022, the Removing Defendants filed their own response in opposition to the motion to remand, joining in the MDOC Defendants' arguments. (Doc. 20).

II.    DISCUSSION

Under 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *See also Marano Enters. of Kan. v. Z–Teca Rests., L.P.*, 254 F.3d 753, 755

– 2 –

n. 2 (8th Cir. 2001) ("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded."). "Where there are multiple defendants, all must join in [removal] within thirty days of service." *Christiansen v. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) (citation omitted).

"[F]ailure of all defendants to join in, or consent to, removal is a procedural defect rather than a jurisdictional one." *Webster v. Mair,* No. 4:12-CV-1521 CAS, 2012 WL 5398817, at *3 (E.D. Mo. Nov. 2, 2012). *See also Hayes v. US Bank*, No. 12-1190-CV-W-HFS, 2013 WL 121267, at *2 (W.D. Mo. Jan. 9, 2013) (noting that lack of consent to removal was "a procedural defect, as opposed to a question of jurisdiction" and would be considered waived if not timely filed); *Perkins v. Beltway Cap., LLC*, 773 F. Supp. 2d 553, 556-57 (E.D. Pa. 2011) ("Failure of all Defendants to consent to removal is a procedural defect."); *Wilkinson v. Ordway Grp., LLC*, No. CIV 07-2678 PAM/JSM, 2007 WL 3037319, at *1 (D. Minn. Oct. 16, 2007) (noting that although certain defendants "did not consent to the removal as generally is required in actions against multiple defendants . . . the lack of consent is not a jurisdictional defect").

The Court first considers Defendants' argument that Plaintiffs' motion to remand must be denied because it was not timely filed. A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Notice of Removal was filed on February 25, 2022, and thus Plaintiffs had until Monday, March 28, 2022, to file a motion to remand based on a procedural defect. The instant motion to remand was not filed until April 14, 2022. Thus, the Court agrees with Defendants that Plaintiff's motion was untimely and finds that Plaintiffs waived their right to request remand based on this procedural defect. Accordingly, Plaintiffs' motion to remand will be denied. See *Perkins v. Beltway Cap., LLC*, 773 F. Supp. 2d at556–57 (E.D. Pa. 2011) (denying motion to remand based on lack of consent to removal filed

thirty-nine days after notice of removal; stating, "Since Plaintiff did not file the Motion to Remand within 30 days after the filing of the Notice of Removal, Plaintiff has waived the right to challenge procedural defects in the removal process."). The Court need not address the parties' other arguments.

### III.    CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 17) is **DENIED**.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of June, 2022.