UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| STEVE BOUTON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 2:22-CV-00010-SPM |
| STATE OF MISSOURI, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Dr. Cherilyn Desouza and Mary Summerville's Motion to Extend Stay. (Doc. 97). The Court held a hearing on the motion on May 16, 2023. At the hearing, Plaintiff made an oral motion to stay all proceedings in this case for 90 days. For the following reasons, Defendants DeSouza and Summerville's motion will be denied, and Plaintiff's oral motion to stay all proceedings in this case for 90 days will be granted.

**I.     FACTUAL BACKGROUND**

This case arises out of the death by suicide of Plaintiffs' son, Austin Bouton, which occurred while Austin Bouton was in the custody of the Missouri Department of Corrections ("MDOC"). Plaintiffs assert claims against the State of Missouri, acting through MDOC; several individuals associated with MDOC; Corizon, LLC (a provider of healthcare services at MDOC); and two former Corizon employees: Cherilyn DeSouza and Mary Summerville. On February 16, 2023, Defendant Corizon filed a "Suggestion of Bankruptcy and Notice of Automatic Stay," stating that on February 13, 2023, Corizon had filed (under the name "Tehum Care Services") a voluntary chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Texas. (Doc. 80). Pursuant to 11 U.S.C. § 362(a)(1), the filing of this petition operated

as an automatic stay of this case as to Defendant Corizon.

On March 10, 2023, Defendants Cherilyn Desouza and Mary Summerville filed the instant motion, requesting that the Court extend the automatic stay to apply to them. They argue that although they were named as defendants in this action, the real claims are against Corizon, because of their alleged acts occurred during the scope of their duties as employees of Corizon. They also argue that traditionally, Corizon has provided for the defense of its former employees in prisoner litigation lawsuits, and that any money paid out on behalf of the individuals has always been money paid by Corizon. They also argue that their insurance coverage is not triggered until Corizon's self-insured retention ("SIR") is paid and exhausted entirely, and that Corizon cannot currently pay anything toward the SIR because of the stay, thus preventing insurance coverage on their behalf. They argue that extending the stay would promote efficiency and judicial economy, because any discovery or dispositive motion practice conducted with Defendants Desouza and Summerville while the matter is stayed as to Corizon may have to be repeated after the stay is lifted. They also argue that, as a practical matter, they cannot effectively defend themselves without access to documents and other materials possessed by Corizon that are currently unavailable due to Corizon's non-participation in this case.

At the hearing, Plaintiffs' counsel stated that in light of the intertwined nature of all of the claims in this case, and the confusion regarding Corizon's bankruptcy, Plaintiffs are in favor of a stay of all proceedings in this case for ninety days. Plaintiffs made an oral motion to that effect. None of the defendants objected to that motion.

II.  **DISCUSSION**

Defendants Desouza and Summerville do not state, in their motion, the legal authority on which they rely in seeking the stay. As the Court discussed on the record at the hearing, there are two types of stay potentially at issue: (1) an extension of the automatic bankruptcy stay, and (2) a

– 2 –

stay based on this Court's inherent power.

### A. Extension of the Automatic Bankruptcy Stay

As a general rule, "stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) (quoting *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986)). "The only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in 'unusual circumstances.'" *In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012) (quoting *Croyden Assoc's v. Alleco, Inc.*, 969 F.2d 675, 677 (8th Cir. 1992)). "The unusual circumstances in which the bankruptcy court can stay cases against non-debtors are rare." *Id.* (quoting *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 762 (8th Cir. 2011)). Such circumstances "typically arise where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *Ritchie Cap. Mgmt., L.L.C.*, 653 F.3d at 762-63 (8th Cir. 2011) (quoting *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997)). "In other words, the automatic stay will apply to non-debtors only when 'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.'" *Id.* at 763 (quoting *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287-88 (2d Cir. 2003)).

Some district courts have already addressed whether the automatic bankruptcy stay that applies to Corizon should be extended to Corizon's former employees under circumstances very similar to those presented here, and they have reached opposite conclusions. *Compare, e.g.*, *Hefley v. Redington*, No. 2:21-CV-41-RLW, 2023 WL 2592054, at *1 (E.D. Mo. Mar. 21, 2023) (addressing similar facts and extending the bankruptcy stay to former Corizon employees; reasoning that because Corizon provides legal representation to its current and former employees

– 3 –

in lawsuits that arise from their employment duties and pays settlement funds and monetary awards arising from such lawsuits, "a judgment against [the former employees] would, in effect, be a judgment against Corizon" and "would have an immediate adverse impact on Corizon's bankruptcy estate"), *with Simmons v. Tehum Care Servs., Inc., et al.,* No. 2:22-CV-4149-NKL, 2023 WL 3022516, at *1 (W.D. Mo. Apr. 20, 2023) (addressing similar facts and denying a motion to extend the bankruptcy stay to former Corizon employees; finding that the Court had "no authority to extend the automatic bankruptcy stay" and that the question of whether to extend the bankruptcy stay was for the bankruptcy court to decide).

As the Court stated on the record at the hearing, the Court is not convinced that it is appropriate to extend the automatic bankruptcy stay to Corizon's former employees under the circumstances presented here.

First, it is not clear to the Court that it, rather than the bankruptcy court, has the authority to extend the bankruptcy stay. *See, e.g.*, *Pub. Pension Fund Grp. v. KV Pharm. Co.*, No. 4:08-CV-1859 CEJ, 2013 WL 1293816, at *2 (E.D. Mo. Mar. 28, 2013) ("[T]he Eighth Circuit has not definitively answered the question of whether a district court or a bankruptcy court should determine the applicability of the [unusual circumstances] exception."); *Simmons*, 2023 WL 3022516, at *1 ("This Court has no authority to extend a bankruptcy stay beyond its statutory scope. . . . Because [the] power [to extend the automatic stay] is sourced from the Bankruptcy Code, it is for the bankruptcy courts to decide whether such an injunction should issue in the first instance."); *Jama v. Wright Cnty.*, No. 22-CV-483 (PJS/JFD), 2023 WL 2238803, at *4 (D. Minn. Feb. 27, 2023) ("The parties have not cited Eighth Circuit precedent holding that the District Court may extend an automatic bankruptcy stay without any involvement of the Bankruptcy Court. In the interests of judicial comity, this Court declines the invitation to extend its reach into bankruptcy matters."). Like the court in *Jama*, this Court is unwilling to "extend its reach into bankruptcy

– 4 –

matters" absent some precedent from the Eighth Circuit requiring or permitting it to do so. The Court further notes that the bankruptcy court is in the best position to evaluate what effect, if any, the claims against the former Corizon employees would have on Corizon's bankruptcy estate, and thus whether an extension of the stay is appropriate.

Second, even if the Court had the authority to extend the automatic bankruptcy stay, the current record lacks sufficient information for the Court to determine whether the "unusual circumstances" warranting such a stay are present here. Although the motion contains some statements that suggest that Corizon might be financially affected by a judgment against its former employees, those statements are not particularly definitive, nor are they supported by any evidence. For example, although the moving defendants state that "traditionally," Corizon has provided for a defense of its former employees, there is no evidence that Corizon is actually under a legal obligation defend or indemnify DeSouza or Summerville. Thus, the Court cannot determine whether a judgment against DeSouza or Summerville would have an "immediate adverse economic consequence" on the Corizon bankruptcy estate, *see Ritchie Cap. Mgmt., L.L.C.*, 653 F.3d at 763, such that an extension of the stay would be warranted.

For the above reasons, the Court will deny without prejudice the former Corizon employees' motion to extend the automatic bankruptcy stay to apply to them.

B.  The Court's Inherent Power to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Simmons v. GlaxoSmithKline, LLC*, No. 15-1397-CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015). "In considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagon Gp. of Am., Inc.*, No. 4:16-

CV-00466-ERW, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016).

At the hearing, Plaintiff moved for a ninety-day stay of all proceedings in this case (including those against the non-Corizon-associated defendants), and defendants had no objection. In light of the parties' agreement and the other reasons stated on the record at the hearing, the Court finds that a stay will not prejudice any party, will conserve the parties' resources, and will promote the interest of judicial economy. The Court concludes that a ninety-day stay under this Court's inherent powers is warranted.

### III.   CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendants Dr. Cherilyn Desouza and Mary Summerville's Motion to Extend Stay (Doc. 97) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' oral motion to stay all proceedings in this case for ninety (90) days is **GRANTED**. This matter is **STAYED** in its entirety for **ninety (90) days** from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that **within thirty (30) days** from the date of this Memorandum and Order, and **every thirty (30) days** thereafter, Plaintiffs' counsel shall confer with counsel for Defendants and shall file a status report stating whether there have been any developments in the bankruptcy proceeding that affect the parties' positions regarding whether the stay that has been entered in this case should remain in place.

**IT IS FURTHER ORDERED** that the Court shall hold a status conference in this case on **Wednesday, August 16, 2023, at 10:00 a.m.,** in Courtroom 13-South in the Thomas F. Eagleton United States Courthouse in St. Louis, Missouri.

**IT IS FURTHER ORDERED** that within **seven (7) days** of the termination of the bankruptcy proceedings, Corizon LLC shall file with this Court a notice of termination of the

bankruptcy proceedings.

                                                            /s/ Shirley Padmore Mensah
                                                          SHIRLEY PADMORE MENSAH
                                                          UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of May, 2023.