UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVE BOUTON ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:22-cv-00010-SPM |
| | ) | JURY TRIAL DEMANDED |
| STATE OF MISSOURI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CORIZON, LLC, CHERILYN DESOUZA, M.D., AND MARY SUMMERVILLE'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

COME NOW Defendants Corizon, LLC ("Corizon"), Cherilyn DeSouza, M.D., and Mary Summerville, by and through counsel, and for their answer to Plaintiffs' Second Amended Complaint (Doc. 170), state as follows:

**INTRODUCTION AND FACTS COMMON TO ALL ALLEGATIONS**

1. These Defendants admit the allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint.
2. These Defendants deny the allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint.
3. These Defendants admit that Austin Bouton was an inmate with the Missouri Department of Corrections, but are without sufficient information or knowledge to admit or deny the rest of the allegations contained in Paragraph 3, and therefore deny same.

4. These Defendants deny the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint.
5. These Defendants deny the allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint.
6. These Defendants deny the allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint.
7. These Defendants deny the allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint.
8. These Defendants deny the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint.
9. These Defendants deny the allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint.
10. These Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint.
11. These Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.
12. These Defendants deny the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint.
13. These Defendants deny the allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint.
14. These Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint.

15. These Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Second Amended Complaint.

16. These Defendants deny the allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint.

17. These Defendants deny the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Complaint.

18. These Defendants deny the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint.

19. These Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint.

20. These Defendants deny the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint.

21. These Defendants deny the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint.

22. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiffs' Second Amended Complaint, and therefore deny same.

23. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiffs' Second Amended Complaint, and therefore deny same.

24. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 24 of Plaintiffs' Second Amended Complaint, and therefore deny same.

25. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiffs' Second Amended Complaint, and therefore deny same.

26. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiffs' Second Amended Complaint, and therefore deny same.

27. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiffs' Second Amended Complaint, and therefore deny same.

28. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiffs' Second Amended Complaint, and therefore deny same.

29. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of Plaintiffs' Second Amended Complaint, and therefore deny same.

30. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 30 of Plaintiffs' Second Amended Complaint, and therefore deny same.

31. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 31 of Plaintiffs' Second Amended Complaint, and therefore deny same.

32. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 32 of Plaintiffs' Second Amended Complaint, and therefore deny same.

33. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 33 of Plaintiffs' Second Amended Complaint, and therefore deny same.

**JURISDICTION AND VENUE**

34. These Defendants deny that there was any negligent conduct but admit that actions give rise to this cause of action arose in Bowling Green, Missouri, and that venue and jurisdiction are proper.

**THE PARTIES**

35. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 35 of Plaintiffs' Second Amended Complaint, and therefore deny same.

36. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 36 of Plaintiffs' Second Amended Complaint, and therefore deny same.

37. Paragraph 37 of Plaintiffs' Second Amended Complaint does not contain allegations of fact to be answered, but if it is interpreted as requiring an answer, then these Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint.

38. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 of Plaintiffs' Second Amended Complaint, and therefore deny same.

39. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Complaint, and therefore deny same.

40. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of Plaintiffs' Second Amended Complaint, and therefore deny same.

41. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiffs' Second Amended Complaint, and therefore deny same.

42. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 of Plaintiffs' Second Amended Complaint, and therefore deny same.

43. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 43 of Plaintiffs' Second Amended Complaint, and therefore deny same.

44. These Defendants admit that Corizon was a duly licensed health care provider in the business of providing health care services at the time of the events described herein but deny the remaining allegations and averments of Paragraph 44 of Plaintiffs' Second Amended Complaint.

45. These Defendants admit the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Complaint.

46. These Defendants admit the allegations contained in Paragraph 46 of Plaintiffs' Second Amended Complaint.

47. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint, and therefore deny same.

48. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint, and therefore deny same.

49. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 49 of Plaintiffs' Second Amended Complaint, and therefore deny same.

50. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 50 of Plaintiffs' Second Amended Complaint, and therefore deny same.

51. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 51 of Plaintiffs' Second Amended Complaint, and therefore deny same.

52. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 52 of Plaintiffs' Second Amended Complaint, and therefore deny same.

53. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 53 of Plaintiffs' Second Amended Complaint, and therefore deny same.

54. These Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 54 of Plaintiffs' Second Amended Complaint, and therefore deny same.

**COUNT I**

**WRONGFUL DEATH-
MEDICAL NEGLIGENCE**

**Plaintiffs v. Defendant Corizon LLC d/b/a Corizon Health now known as Tehum and YesCare**

55. Defendants re-assert and incorporate by reference herein all of the answers contained in Paragraphs 1-54 above.

56. These Defendants deny the allegations contained in Paragraph 56 of Plaintiffs' Second Amended Complaint.

57. These Defendants deny the allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint.

58. These Defendants deny the allegations contained in Paragraph 58 of Plaintiffs' Second Amended Complaint.

59. These Defendants deny the allegations contained in Paragraph 59 of Plaintiffs' Second Amended Complaint.

60. These Defendants deny the allegations contained in Paragraph 60 of Plaintiffs' Second Amended Complaint and every subparagraph thereof Plaintiffs' Second Amended Complaint.

61. These Defendants deny the allegations contained in Paragraph 61 of Plaintiffs' Second Amended Complaint.

62. These Defendants deny the allegations contained in Paragraph 62 of Plaintiffs' Second Amended Complaint.

63. These Defendants deny the allegations contained in Paragraph 63 of Plaintiffs' Second Amended Complaint.

**COUNT II**

**WRONGFUL DEATH-**
**MEDICAL NEGLIGENCE**

**Plaintiffs v. Defendant Cherilyn Desouza, MD**

64. These Defendants re-assert and incorporate by reference herein all of the answers contained in Paragraphs 1- 63 above.

65. These Defendants deny the allegations contained in Paragraph 65 of Plaintiffs' Second Amended Complaint.

66. These Defendants deny the allegations contained in Paragraph 66 of Plaintiffs' Second Amended Complaint.

67. These Defendants deny the allegations contained in Paragraph 67 of Plaintiffs' Second Amended Complaint.

68. These Defendants deny the allegations contained in Paragraph 68 of Plaintiffs' Second Amended Complaint.

69. These Defendants deny the allegations contained in Paragraph 69 of Plaintiffs' Second Amended Complaint and every subparagraph thereof Plaintiffs' Second Amended Complaint.

70. These Defendants deny the allegations contained in Paragraph 70 of Plaintiffs' Second Amended Complaint.

71. These Defendants deny the allegations contained in Paragraph 71 of Plaintiffs' Second Amended Complaint.

72. These Defendants deny the allegations contained in Paragraph 72 of Plaintiffs' Second Amended Complaint.

**COUNT III**

**WRONGFUL DEATH-**
**MEDICAL NEGLIGENCE**

**Plaintiffs v. Defendant Mary Summerville**

73. These Defendants re-assert and incorporate by reference herein all of the answers contained in Paragraphs 1-72 above.

74. These Defendants deny the allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint.

75. These Defendants deny the allegations contained in Paragraph 75 of Plaintiffs' Second Amended Complaint.

76. These Defendants deny the allegations contained in Paragraph 76 of Plaintiffs' Second Amended Complaint.

77. These Defendants deny the allegations contained in Paragraph 77 of Plaintiffs' Second Amended Complaint.

78. These Defendants deny the allegations contained in Paragraph 78 of Plaintiffs' Second Amended Complaint and every subparagraph thereof Plaintiffs' Second Amended Complaint.

79. These Defendants deny the allegations contained in Paragraph 79 of Plaintiffs' Second Amended Complaint.

80. These Defendants deny the allegations contained in Paragraph 80 of Plaintiffs' Second Amended Complaint.

81. These Defendants deny the allegations contained in Paragraph 81 of Plaintiffs' Second Amended Complaint.

**COUNT IV**

**FAILURE TO PROVIDE ADEQUATE AND NECESSARY MEDICAL CARE IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUION**
**42 U.S.C. §1983**

**Plaintiffs v. Defendant Chantay Godert in her Individual Capacity**

82. The allegations of Count IV (Paragraphs 82-93, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT V**

**FAILURE TO PROVIDE ADEQUATE AND NECESSARY MEDICAL CARE IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**42 U.S.C. §1983**

**Plaintiffs v. Defendant Keesila Ford in her Individual Capacity**

94. The allegations of Count V (Paragraphs 94-105, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT VI**

**FAILURE TO PROVIDE ADEQUATE AND NECESSARY MEDICAL CARE IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**
**42 U.S.C. §1983**

**Plaintiffs v. Defendant Dan Wiley**

106. The allegations of Count VI (Paragraphs 106-117, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT VII**

**POLICIES, PROCEDURES, CUSTOMS, PRACTICES AND TRAINING IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION – MEDICAL CARE**
**42 U.S.C. §1983**

**Plaintiffs v. Anne Precythe in her individual capacity**

118. The allegations of Count VII (Paragraphs 118-134, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT VIII**

**POLICIES, PROCEDURES, CUSTOMS, PRACTICES AND TRAINING IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION – MEDICAL CARE**
**42 U.S.C. §1983**

**Plaintiffs v. Chantay Godert in her individual capacity**

135. The allegations of Count VIII (Paragraphs 135-151, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT IX**

**POLICIES, PROCEDURES, CUSTOMS, PRACTICES AND TRAINING IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION – MEDICAL CARE**
**42 U.S.C. §1983**

**Plaintiffs v. Alan Earls in his individual capacity**

152. The allegations of Count IX (Paragraphs 152-168, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT X**

**WRONGFUL DEATH-**
**NEGLIGENCE**

**Plaintiffs v. Defendant Chantay Godert**

169. The allegations of Count X (Paragraphs 169-179, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT XI**

**WRONGFUL DEATH-**
**NEGLIGENCE**

**Plaintiff v. Defendant Keesila Ford**

180. The allegations of Count XI (Paragraphs 180-190, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT XII**

**WRONGFUL DEATH-**
**NEGLIGENCE**

**Plaintiffs v. Defendant Dan Wiley**

191. The allegations of Count XII (Paragraphs 191-201, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT XIII**

**RESPONDEAT SUPERIOR**

**Plaintiffs v. Defendant Missouri Department of Corrections**

202. The allegations of Count XIII (Paragraphs 202-205, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**COUNT XIV**

**SUCCESSOR LIABILITY**

**(Plaintiffs v. Tehum, Yitzchak Lefkowitz a/k/a Isaac Lefkowitz, YesCare Corp, CHS TX, Inc, CHS MO, LLC., Geneva Consulting, LLC, Perigrove, LLC, Perigrove 1018, LLC, M2 HoldCo, LLC, M2 LoanCo, LLC, PharmaCorr LLC, Sara Ann Tirschwell, Ayodeji Olawale Ladele, Beverly Michelle Rice, Jeffrey Scott King, Jennifer Lynne Finger, and Frank Jeffrey Sholey)**

206. The allegations of Count XIV (Paragraphs 206-208, and all subparts thereof) of Plaintiffs' Second Amended Complaint are not directed against these Defendants, who make no answer thereto. If any allegation is construed to be directed against these Defendants, then they specifically deny same.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Second Amended Complaint alleges that these Defendants were providing healthcare services and acting as a healthcare provider to the decedent offender. Accordingly, these Defendants meet the definition of healthcare provider contained in §538.205 R.S.Mo. These Defendants are entitled to the benefits of the provisions of Chapter 538 R.S.Mo. and avails themselves of all the provisions of that chapter, as each may apply herein. Further, These Defendants avail themselves of all applicable provisions of House Bill No. 393, 2005 including, but not limited to §§490.715, 510.263, 510.265, 537.035, 537.035, 537.067, 537.090. 538.205, 538.210, 538.220, 538.225, 538.228, 538.229, 538.232, and 538.300 R.S.Mo. These Defendants are entitled to the benefits of the provisions of Senate Bill No. 239, 2015, and avails themselves of all provisions of that legislation, as each may apply herein. Specifically, these Defendants avail themselves of the provisions of Senate Bill No. 239, 2015, including, but not limited to, §538.205 and 538.210 R.S.Mo.

2. These Defendants avail themselves of the provisions of Section 490.715, as amended by S.B. No. 31, effective August 28, 2017, as this bill modified the collateral source rule, which is a rule of evidence that applies to all cases tried after the effective date of the statute.

3. These Defendants are entitled to a reduction of any judgment against them by any amounts paid to Plaintiff by settling tort-feasors pursuant to the Doctrine of Satisfaction and the provisions of §537.060 R.S.Mo., should the contingencies of that section occur.

4. In the event damages are awarded for future damages in excess of the amount specified in RSMo. Section 538.220 said damages should be payable in periodic or installment payments.

5. Any verdict rendered into this case for future damages must be itemized and expressed by the trier of fact at present value pursuant to RSMo. 538.215.2.

6. In the event non-economic damages are awarded to Plaintiff, the limitation on non-economic damages (damage caps) provided under RSMo. Section 538.210 or other applicable statute shall be applied, and in accordance with RSMo. 538.215, or said statute, any award of non-economic damages in excess of the limit shall be reduced by the Court to the maximum amount allowed by law.

7. If a Defendant or other party makes a settlement with Plaintiffs, Plaintiffs' decedent, or if Plaintiffs receives anything of value from such a party, individual, or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiffs or Plaintiffs' decedent or, in the alternative, that the amount of payment or consideration should be set off against any judgment that may be entered against these Defendants. These Defendants state that they may claim reliance upon §537.060 RSMo., and

that these Defendants are entitled to a reduction in the amount of money from any verdict of any agreements and/or settlements with any defendant herein, whether previously a defendant, or currently a defendant, including but not limited to any party who has settled, or may in the future settle with Plaintiffs, Plaintiffs' decedent, decedent's children or estate, and that these Defendants are entitled to a reduction of the claim or verdict against it by the stipulated amount of the agreement, or by the amount of consideration paid, whichever is greater.

8. Plaintiffs' claims are premature as Austin Bouton did not exhaust all available administrative remedies, including grievance procedures.

9. Pleading hypothetically and in the alternative, these Defendants state that the sole and proximate cause of Plaintiffs' decedent's alleged injuries and damages, if any, were the intervening acts or omissions of persons or entities other than these Defendants over whom these Defendants had no control.

11. These Defendants reserve the right to dismiss the claims against them should this court dismiss all federal claims against all defendants.

12. These Defendants reserve the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation.

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendants Corizon LLC, Cherilyn DeSouza, and Mary Summerville*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was provided to the undersigned via electronic filing on this 16th day of June 2026 to the following:

**ANTHONY LARAMORE**
Anthony Laramore 63017#MO
9930 Watson Road, Suite 100
St. Louis, Missouri 63126
T. 314.835.5800
anthony@pagelaw.com
*Attorney for Plaintiffs*

**CATHERINE L. HANAWAY**
Attorney General
Jessica L. Ward, #57389
Assistant Attorney General
149 Park Central Sq. Suite 1017
Springfield, MO 65806
Telephone: (417) 895-6567
Facsimile: (417) 895-6382
Jessica.Ward@ago.mo.gov
*Attorney for State Defendants*

*/s/ Scott Wehmeyer*